**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul CASILLAS, Defendant–Appellant.**

No. 06–10564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 13, 2007.

Shashi Hari Kewalramani, USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Jesse J. Garcia, ESQ., Garcia & Schnayerson, Hayward, CA, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Paul Casillas appeals from the 57–month sentence imposed following his guilty plea conviction for violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. Casillas contends that the district court erred in its determination that his prior conviction for violating California Health and Safety Code § 11379 was a controlled substance offense for purposes of calculating his new sentence under USSG § 2K2.1(a)(4)(A). We agree.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

California Health & Safety Code § 11379 criminalizes a broader swath of conduct than the applicable definition under the federal sentencing guidelines. *See United States v. Navidad–Marcos,* 367 F.3d 903, 907–08 (9th Cir.2004). Therefore, as the government acknowledges, California Health & Safety Code § 11379 is not categorically a controlled substance offense for purposes of applying USSG § 2K2.1(a)(4)(A). The government instead asserts that the increased sentence is supported by the modified categorical approach, whereby a court may examine judicially noticeable documents to determine whether the defendant's actual conduct in the prior conviction constituted a controlled substance offense as contemplated by the sentencing guidelines. *See Navidad–Marcos,* 367 F.3d at 908 (citing *United States v. Corona–Sanchez,* 291 F.3d 1201, 1203 (2002) (en banc)). However, because his plea was nolo contendere rather than guilty, Casillas admitted neither the charges nor any facts, and the government points to no documents that "establish clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate offense." *Navidad–Marcos,* 367 F.3d at 908. Furthermore, no significance can be attached to the state judge's verbal description of the offense, as it conflicts with the judge's numerical reference to the offense and does not correspond to conduct proscribed by California Health & Safety Code § 11379. We therefore reverse the sentence and remand for re-sentencing.

REVERSED and REMANDED.